UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS, By and Through Its Board of Trustees, | )<br>)<br>)<br>) |
| and | )<br>) |
| PAINTERS DISTRICT COUNCIL #58 401(k) TRUST FUND, By and Through Its Board of Trustees, | )<br>)<br>)<br>) |
| and | ) Case No.: |
| ILLINOIS STATE PAINTERS HEALTH AND WELFARE FUND, By and Through Its Board of Trustees, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| MATAN'S PAINTING & DECORATING, LTD., | )<br>) |
| Defendant. | ) |

## COMPLAINT

NOW COME Plaintiffs, Painters District Council #58 Fringe Benefit Funds, Painters District Council #58 401(k) Fund, and Illinois State Painters Health & Welfare Fund, by and through their attorneys, Cavanagh & O'Hara LLP, and for their Complaint against Defendant Matan's Painting & Decorating, Ltd., and allege as follows:

### Parties

1.      Plaintiff Painters District Council #58 Fringe Benefit Funds (hereinafter "DC#58 Fringe Benefit Funds") are one or more employee benefit plans within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"),

as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145. The DC#58 Fringe Benefit Funds' Boards of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

2. The address and place of administration of the DC#58 Fringe Benefit Funds is 2501 59th Street, St Louis, MO 63110-2888, within the jurisdiction of this Court.

3. Plaintiff Painters District Council #58 401(k) Trust Fund (hereinafter "DC#58 401(k) Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145. The DC#58 401(k) Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

4. The address and place of administration of the DC#58 401(k) Fund is 2501 59th Street, St Louis, MO 63110-2888, within the jurisdiction of this Court.

5. Plaintiff Illinois State Painters Health & Welfare Fund (hereinafter "Welfare Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145. The Welfare Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

6. The address and place of administration of the Welfare Fund is 13801 Riverport Drive, Suite 401, Maryland Heights, Missouri 63043, within the jurisdiction of this Court.

7. Together, the DC#58 Fringe Benefit Funds; DC#58 401(k) Fund; and Welfare Fund shall be referred to as the "Plaintiff Funds."

8. Defendant Matan's Painting & Decorating, Ltd. ("Matan's") is an Illinois corporation maintaining its principal place of business at 175 S. Wheeling Rd., Wheeling, IL 60090.

9. Matan's is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145 and of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6) and (7).

## Jurisdiction and Venue

10. This Court has jurisdiction over Plaintiffs' claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145 and pursuant to § 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

11. This Court has personal jurisdiction over Defendant pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and pursuant to § 301(a) of the LMRA, 29 U.S.C. § 185(a).

12. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301 of the LMRA, 29 U.S.C. § 185.

## Facts Common to All Counts

13. Matan's is, was and has been signatory to one or more binding collective bargaining agreements ("Agreement(s)") with Painters District Council #58, International Union of Painters and Allied Trades, AFL-CIO ("District Council #58"), and/or its constituent local unions.

14. Matan's is, was and has been signatory to and bound by Participation Agreement(s) with the Plaintiff Funds, pursuant to which Matan's agreed to become party to and to be bound by the terms and provisions of certain Trust Documents establishing the Plaintiff Funds.

15. Matan's employs, or has employed individuals who are members of, and represented by, District Council #58 and its constituent local labor organizations and said individuals are participants in the Plaintiff Funds.

16. The Agreement(s), the Participation Agreement and/or the Trust Document(s) require Matan's to submit reports of hours worked by its employees working under the terms of the Agreement(s), and to pay monetary contributions to the Plaintiff Funds at specified hourly rates related to hours worked by their employees pursuant to the Agreement(s) within the jurisdiction of District Council #58.

17. Pursuant to § 515 of ERISA, 29 U.S.C. § 1145, Matan's is required to make contributions to the Plaintiff Funds in accordance with the terms and conditions of its Agreement and the Declarations of Trust establishing the Plaintiff Funds.

18. The Agreement(s), the Participation Agreement and/or the Trust Document(s) adopted by the Trustees of the Plaintiff Funds, and to which Matan's is are bound and required to comply, specifically provide that in the event a signatory contractor fails to submit timely reports of hours, or payments of contributions due, the contractor shall be liable to the Plaintiff Funds for the contributions due, as well as interest, liquidated damages, court costs, auditing and/or accounting fees and attorneys' fees and costs.

19. Pursuant to the CBA, Matan's is further required to deduct certain amounts from the gross pay of its employee for dues, and to pay other "check-off" amounts to the DC#58 Fringe

Benefit Funds on behalf of the union(s) and fund(s) which have duly authorized the DC#58 Fringe Benefit Funds to act as collection agent.

20. The Agreement(s), the Participation Agreement and/or the Trust Document(s) authorize the Plaintiff Funds to conduct audits of signatory employers, including Matan's.

21. Plaintiffs audited Matan's for the period of January 1, 2011 through June 30, 2016.

22. The audited resulted in a finding of $11,992.13 due in outstanding fringe benefit contributions ("Delinquency").

23. As a result of incurring the Delinquency, Matan's is further liable for Liquidated Damages and interest, as provided in ERISA; the CBA's; Trust Documents establishing the Plaintiff Funds; and the policies and procedures adopted by the Trustees of the Plaintiff Funds and to which Matan's agreed to be bound.

24. As a result of incurring the Delinquency, Matan's is further liable for the costs of the audit, as provided in ERISA; the CBA's; Trust Documents establishing the Plaintiff Funds; and the policies and procedures adopted by the Trustees of the Plaintiff Funds and to which Matan's agreed to be bound.

25. As a result of incurring the Delinquency, Matan's is further liable for the Plaintiff Funds' attorneys' fees and costs, as provided in ERISA; the CBA's; Trust Documents establishing the Plaintiff Funds; and the policies and procedures adopted by the Trustees of the Plaintiff Funds and to which Matan's agreed to be bound.

26. As a result of the acts and omissions complained of herein, the Plaintiff Funds have been harmed.

WHEREFORE, Plaintiffs respectfully pray that the Court:

a. Enter Judgment for the Plaintiff Funds and against Defendant Matan's Painting & Decorating, Ltd.;

b. Enter an Order awarding the Plaintiff Funds $11,992.13, representing delinquent contributions due;

d. Enter an Order awarding the Plaintiff Funds Liquidated Damages in an amount to be proven at trial;

e. Enter an Order awarding the Plaintiff Funds costs of the audit in an amount to be proven at trial;

f. Enter an Order awarding the Plaintiff Funds appropriate pre-judgment interest in an amount to be proven at trial;

g. Enter an Order awarding the Plaintiff Funds their attorneys' fees and costs in an amount to be proven at trial;

h. Enter an Order awarding the Plaintiff Funds appropriate post-judgment interest;

i. Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

CAVANAGH & O'HARA LLP

/s/ James R. Kimmey
JAMES R. KIMMEY, No. 51148MO
101 W. Vandalia St., Suite 245
Edwardsville, IL  62025
(618) 692-5250 (tel.)
(618) 692-5254 (fax)
jaykimmey@cavanagh-ohara.com

Attorneys For Plaintiffs